# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>ROBERTO YOQUIGUA-LOPEZ,<br><br>　　　　　　　　　　Defendant. | CASE NO. 17CR4413-LAB<br><br>**ORDER REJECTING FOR FILING *EX PARTE*/UNDER SEAL IN LIMINE MOTION AND OFFER OF PROOF** |

　　Defendant Roberto Yoquigua-Lopez (Yoquigua) is charged with importing controlled substances into the United States and his trial is set to begin March 6, 2018. The Court is scheduled to hear motions in limine on May 5, 2018.

　　On February 26, 2018, the Court received in chambers a pleading captioned "Defendant's Ex Parte/Under Seal Motions in Limine and Offer of Proof." In brief, and without revealing the particulars of the defense offer of proof, the pleading argues in favor of the admissibility of proffered evidence supporting a duress defense. The motion does not contain a Proof of Service, and it does not appear to have been served on the plaintiff in this case, the United States of America. The Court rejects the pleading, and orders that it is not to be filed by the Clerk's office.

　　Whether a defendant has the burden of proving duress by a preponderance of the evidence, or alternatively, whether the government must establish the absence of duress beyond a reasonable doubt, is a question of law. *United States v. Meraz-Solomon*, 3 F.3d

1 | 298, 299 (9th Cir. 1993). When the burden is on the defendant, he must establish three elements before he is entitled to a jury instruction on duress: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear the threat will be carried out; and (3) lack of reasonable opportunity to escape the threatened harm. *United States v. Becerra*, 992 F.2d 960, 964 (9th Cir. 1993). Where the defendant is unable to make a *prima facie* showing of all three elements, evidence of duress is inapt and not relevant and the Court should exclude the duress defense. *Id.; United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984). While a district court may determine the sufficiency of evidence to support a duress defense by a motion in limine, *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985), by filing his pleading *ex parte* and under seal in this case, the defendant is asking the Court to make legal rulings respecting the adequacy of his proffered duress evidence in what amounts to an *in camera* proceeding, without notice to or the opportunity for, the United States to oppose the motion.

It is unnecessary for the Court to decide whether it has inherent power to grant a criminal defendant an *in camera* hearing, excluding the other litigant party – the prosecution – and to receive proffered evidence for substantive purposes on an issue dispositive of the litigation. If a district court has such power, its invocation would surely require a compelling showing of necessity, and its exercise would require sound judicial discretion based on a recognition that exercise of the power virtually obliterates as to one party all of the basic and fundamental rights included in the concept of a fair trial: the right to be present during all important stages of the proceedings; the right to hear testimony or, as here, to be made aware of proffered evidence; the right to test the truth and accuracy of the proffered evidence by cross-examination; the right to present rebuttal evidence; and the right to be heard in meaningful argument.

/ / /

/ / /

/ / /

/ / /

In this case, the defendant hasn't attempted to make such a showing.[1] The Court finds that to entertain the motion *ex parte*, or to rule on the substantive issue of law that it presents – whether the defendant's proffered evidence is sufficient to meet the required legal standard – without providing notice and the opportunity to be heard to the prosecution, would be grossly unfair and prejudicial to the fair trial rights of the United States.

Defendant's Ex Parte/Under Seal Motion In Limine and Offer of Proof is **REJECTED**, without prejudice to refiling it with proper notice to the United States.

**IT IS SO ORDERED**.

DATED: February 27, 2018

_Larry A. Burns_
**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] The defense application recites merely that the motion is filed *ex parte* because it reveals confidential defense strategy. But the proposed defense strategy is dependent on the Court making a substantive legal ruling to admit evidence at trial. For reasons outlined above, it is improper and would be unfair for the Court to make that ruling without providing the opposing party notice of the evidence and the opportunity to be heard in opposition.